Good morning, your honors. May it please the court, Quinn Dender representing the appellant Edwin Marrero. I would like to reserve three minutes if I could. Mr. Marrero filed a motion under 28 U.S.C. 2241. The district court found that it did not have jurisdiction over the claims in that motion. We believe that it did have jurisdiction and that you should reverse that finding and send it back to the district court for decision on the merits, which would also allow him to fill out further his claims, which we can talk about later. Excuse me. And the reason we feel that the court had jurisdiction is that Section 2255 says that you can have a remedy under Section 2241 if the remedy under 2255 is inadequate or ineffective to test the legality of his detention. And this Court has set the criteria for that escape hatch, as they call it, of 2255. You must make a claim of actual innocence, and that's what Mr. Marrero did. He claims actual innocence with respect to sentencing, though not with respect to the underlying crime, if I understand it. No, your honor. I think actually our argument is he made them as to both. And I can tell you where he did. He claimed actual innocence of the crime and of the sentence as two separate matters. I see that. I agree with you he made that argument. I'm not sure that I understand the factual challenge to his conviction. Well, your honor, he did not spell that out. And the problem is, first of all, he was representing himself. When you read his pleadings, you can see he has problems communicating and just writing generally. And he also has a history of mental illness. So we asked you to construe it liberally. What he did do was, in his petition that he filed in the district court, on the first page where it asks what is this petition concerned, he said actual innocence. On the second page where it said why is the remedy under section 2255 inadequate, he said, among other things, actual innocence. And on page six, on the request for relief, he said actual innocence. Right. But I think, you know, we've always required something beyond a bare claim of actual innocence to get through the bar. What's the factual theory here? Your honor, it's not in the record what his theory is. But what I want to say is that when he requested the relief in his petition, he specifically said his claim of actual innocence see accompanying motion in this matter. And what he filed at that time was a motion which he claimed, and this is in the excerpts of records, tab six. He called it a motion for a rule 15C2, the petitioner requests to clarify his supporting facts within his 2241, once his given a case number. Now, the district court never acted upon that as such. It went ahead and dismissed the case on jurisdictional grounds and then dismissed all pending motions as moot. And so he was never given an opportunity to clarify this. He did file objections to the findings and recommendations. And in that, he asserted his actual innocence, and he said that the reason there had been no filing of this, what he termed a 15C2 motion, was because he and his prisoner assistant felt you had to get leave of court to do that. So for some reason, he felt that it was a two-step process. You made the claim and then you clarified it, but you had to get leave of court to clarify it, and he was never given that opportunity. And we're asking the court to give him that opportunity, let him clarify it and then get a decision on the merits. Because I don't know what that ñ it doesn't disclose what the nature of that claim is. So we do believe he's asserted two claims, a claim of innocence of conviction and of sentence. So let's turn to the sentencing claim. It would seem that most courts have rejected the theory that one can base an actual innocence escape hatch claim on actual innocence regarding sentencing. I think it's true of a number of courts except this court. This court is ñ and gave you the cases there, the reply brief at page 5. Hernandez v. Campbell, a 2000 decision. Harrison v. Olson, that's a 2008 decision. There's actually a more recent decision that I can provide you the quotation, the citation on, where the court not only found you could challenge your sentence but actually ordered relief under 2241. So I think whatever other circuits have said, this court has been very clear on that. And there's really no reason why you can't be factually innocent of a sentence, too, in this case a career offender basis, on the basis that he does not have the qualifying predicates to be a career offender, which extended his sentence quite a bit. He's serving 324 months, and the career offender part of it had a huge part of that. I haven't figured out exactly. So we feel that at this point, we're just dealing with the question of jurisdiction. He made the claims. He did not have an unobstructed procedural opportunity to present them earlier. That's the second criterion the court has set. And that, therefore, there is 2241 jurisdiction, and the court should reverse the district court and allow Mr. Marrero to proceed with directions that he be allowed to clarify the nature of his claim. Okay. Any further questions? You may reserve. Thank you. Good morning, Your Honor. May it please the Court. Mark McKeon for the United States. I wanted to make just a couple of points. First of all, we submitted yesterday a 28-J letter citing a decision, an in-bank decision out of the Eleventh Circuit, Gilbert v. United States. And I would expand upon what the Court said about most courts have decided and quote this case, which says that all courts have decided that there's no remedy to challenge career offender sentencing issues under 2241. In fact, that court said on page 1315, Every circuit called upon to actually decide this issue has concluded, as we do, that the Savings Clause does not apply to sentencing claims, at least not to those where the sentence imposed was within the statutory maximum. Not one has held to the contrary. And I would include the Ninth Circuit in that not one has held to the contrary. The two cases cited by counsel, although it does have some loose language, if you look at what actually happened in the case in Hernandez, the court remanded the case to the district court to decide the jurisdiction issue because they hadn't reached it. And so didn't decide it, but remanded it to the district court to sort out. And the other case, Harrison, had to deal, had to do with a claim of actual innocence. So in the cases that have actually decided, assuming that the issue hasn't even been waived in this case, they have all held that 2241 cannot be used to raise a claim of actual innocence. Secondly, Your Honor, in terms of the unobstructed procedural shot, which is the second part of the test in this circuit, in that case, the issue is whether the defendant lost his appeal to the Seventh Circuit, because he claims that he did not get notice in time. I think that if he did get notice in time, had filed an appeal, we wouldn't be here trying to sort out what happened in the Northern District of Illinois and in the Seventh Circuit. I would point out in the record in the paper cited by the defendant in tab 4, he included the paperwork from the Northern District of Illinois, which actually indicates they decided the issue there and decided that he had received notice. And he claimed he hadn't received notice to them, and they decided as a factual matter that, yes, he did, that the record before the court showed that he had received the notice and denied him a certificate of appeal. Now, I would note that he includes in these papers a document that he said he got from the Bureau of Prisons at Atwater that indicates no legal mail was delivered at that time. The place to sort that out is not here or in the Eastern District of California. It's to go back to the court where he originally raised this issue and said, hey, I have some new evidence, I have some new documents. You said I didn't have any evidence. Here it is now. I didn't get this, and to sort it out there. So our position is that he can't meet the second part of the test, which is that he had an unobstructed procedural shot. He did. And secondly, that in fact he didn't raise any claims of actual innocence to begin with. If you look at the issues that he actually raised in his list of issues, none of them involve a claim of actual innocence. He used the words actual innocence in his brief, but it would be a stretch, I think, to say that merely by putting those words into the brief somewhere, even though it has nothing to do with any of your issues, you thereby confer jurisdiction on the district court to hear your 2241, just by using those words without anything more, because that's all we have in this case. With that, Your Honor, I'm prepared to submit it unless the Court has any questions. Well, one may have jurisdiction, and the case fails for lack of specificity. That's true, Your Honor. But to have jurisdiction, you have to make a claim of actual innocence. And here, the issue that we have. Well, he did do that, I think, in both counts. He made the words actual innocence, but he didn't actually, when you look at the issues that he claimed there was error in, none of them had to do with his actual innocence. The issues that he said he was actually raising, he didn't actually raise a claim. And on the question of the career offender, he wasn't claiming that he was actually innocent of the crimes. He was just claiming that a sentencing factor shouldn't have been applied to him, which isn't the same. Well, right. What I'm suggesting is there's a difference between failing to state a claim and having a failing to state a jurisdictional basis for the claim. There is, Your Honor. But in this case, the claims were stated in his list of issues. And elsewhere in the brief, he said the words actual innocence, but didn't say what those claims were based on, didn't refer to any evidence, didn't even say what it was that had happened that was wrong in his case, didn't say that there was newly discovered evidence, all the sorts of things that you'd expect to see if you had a claim of actual innocence. None of those are here. Instead, he challenged things like the indictment that was brought against him, whether that was proper. He challenged the wording of the indictment. He challenged his counsel's competency. None of those things, if you look at those issues, I think the judge correctly decided that none of those issues, whether he expanded on those issues or not, were not going to get into a question of whether he was actually innocent of the crime. Any further questions? No. Thank you, counsel. I guess just two points, Your Honor. I cited the two cases where this Court has said that the sentences can be challenged under 2241. If you want the sites of the subsequent case where actually relief was given, I'd give you that. Out-of-circuit cases. Why don't you give that on the gum sheet afterwards? Okay. I don't have it with me, but I will send it to the Court if I can. So I think in this circuit, that matter has been decided regardless of what they've said in other circuits and whether the Eleventh Circuit thinks all courts have done something or not. On the question of whether the appeal itself, he has from his prison the fact that he never received the notice that there had been a dismissal of his action. So whatever the Court could find, the best they could find was that they had mailed it. But they can't say that he received it if the prison records show he didn't receive it. So he was denied an effective remedy on his 2255, and there is 2241 jurisdiction there. I mean, there is proof they never received it. So it doesn't make much difference whether they mailed it properly or mailed it improperly. It never got there. He didn't realize that. He actually filed a motion to clarify his, again, a motion to clarify his petition in which he was going to raise the career offender issue specifically with this amendment. And he was notified that it had already been dismissed, and therefore the motion was denied or was moot or something of that nature. Unless the Court has some other questions. Okay. Thank you. Thank you very much. Thank you both for your arguments. The case just heard will be submitted for decision.
judges: Schroeder, Thomas, Graber